UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Henry John Tisor,

Plaintiff,

vs.

T.C. Peterson, B. Fornengo,
C.L. Wolfe, G.L. Hershberger,
Harrell Watts,

Defendants.

ORDER
and
REPORT AND RECOMMENDATION

Civ. No. 00-1950 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 24th day of August, 2000.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon an initial screening of the Plaintiff's Complaint, pursuant to Title 28 U.S.C. §1915A, as well as the Plaintiff's Application to Proceed in forma pauperis. For these purposes, the Plaintiff appears pro se and, because process has yet to be served, no appearance has been made by, or on behalf of, the Defendants. For reasons which follow, we order the Plaintiff to file with the Clerk of Court a copy of the Complaint, a completed Marshal's Service Form, and a completed Summons. Also, once these materials are received, we

FILED AUG 2 4 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

direct the Clerk of Court to issue the Summons, and the United States Marshal's Service to serve the Defendants with a Summons and a copy of the Plaintiff's Complaint. Finally, we recommend that the Plaintiff's Application for pauper standing be denied.

As a prison inmate, the Plaintiff is ineligible to obtain full relief from the filing fee in this action. See, Title 28 U.S.C. §1915(b)(2). According to Section 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." As our Court of Appeals has recently explained:

> Even though seeking IFP status, the prisoner is required to pay the full amount of the fee. The court assesses and, when funds exist, collects as partial payment of the court fees required by law, an initial partial filing fee of 20% of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> * * *
>
> After paying the initial filing fee, the prisoner must make monthly payments equal to 20% of the preceding month's income credited to his prison account. 28 U.S.C.A. §1915(b)(2). So long as the prisoner's account exceeds $10, prison officials are given authority to take the 20 percent. These payments

> are sent to the clerk of the court. The payments are deducted from the accounts until the full filing fee has been paid.

Murray v. Dosal, 150 F.3d 814, 817 (8th Cir. 1998), cert. denied, 119 S.Ct. 1467 (1999).

Here, the Plaintiff has supplied a prison trust account statement certifying that, during the six month period immediately preceding the filing of the Complaint, the average monthly deposits into his trust account equaled $172.00, and his average monthly balance was $173.17. Since the average monthly balance is greater than his average monthly deposit amount, the Plaintiff is required to pay an initial partial filing fee of twenty percent of his average monthly balance. Consequently, the Plaintiff is obligated to pay $34.63 to initiate this action, with the remainder to be paid in installments. See, Title 28 U.S.C. §1915(b)(1)-(2). In the interim, the Plaintiff will be permitted to proceed with his civil action.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff file with the Clerk of Court a copy of the Complaint, a completed Marshal's Service Form, and a completed Summons for each Defendant.

2. That, once these materials are received, the Clerk of Court shall issue the Summons and the United States Marshal shall serve a copy of the Complaint and Summons upon the Defendants as

directed by the Plaintiff, and that all costs of service shall be advanced by the United States.

AND, It is --

RECOMMENDED:

That the Plaintiff's Application to Proceed _in forma pauperis_ [Docket No. 2] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 11, 2000**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no**

**later than September 11, 2000,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.